Carlos N. VAUGHN, Appellant,

v.

UNITED STATES, Appellee.

No. 5151.

District of Columbia Court of Appeals.

Argued May 26, 1970.

Decided June 22, 1970.

Bernard W. Kemp, Washington, D. C., for appellant.

Broughton M. Earnest, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Donald T. Bucklin, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge.

This case is an appeal from an attempted petit larceny conviction and involves the introduction of testimony concerning an on-the-scene photographic identification.

The following facts were adduced at trial: Between 11 a. m. and 12 m. on March 27, 1969, Miss Ann Stica was standing just inside the entrance of Woodward & Lothrop's department store on 11th Street between F and G Streets, Northwest. She had opened her purse and removed a bus schedule and was studying it when she noticed a hand reaching into her purse. She turned and faced the intruder, who was close to her, and struck him on the shoulder with her hand. He then raised his hand as if to strike Miss Stica, but, as she ducked away from him, he laughed. This man, later identified by Miss Stica as appellant, then ran out of the door onto 11th Street with another person.

Officer Seanor of the Metropolitan Police was approaching the entrance to the store when he saw two men run out the door. He immediately walked in the doorway and was confronted with Miss Stica, who quickly related what had occurred and described the would-be robber as wearing a black trench coat, an orange shirtlike sweater, and gray trousers. The officer then ran back outside followed by Miss Stica, who pointed out appellant walking north on 11th Street towards G Street. The two men looked back at the officer and Miss Stica and began to run.

The officer followed both men until they separated and then he continued on after appellant (the individual pointed out by Miss Stica).

After briefly losing sight of appellant, the officer saw him on the corner of 9th and

H Streets; a few seconds later, appellant entered a restaurant on 9th Street where he was arrested. He had removed his trench coat which he had with him, and he was wearing an orange shirt and gray trousers. The officer removed from appellant's wallet a driver's permit bearing his photograph and then had him transported from the scene of arrest to the police precinct. Officer Seanor returned to the scene of the crime and found Miss Stica still waiting. He showed her the single photograph of appellant and asked her if this was a photograph of her assailant. She replied that it was. Ten to 30 minutes elapsed between the time of the offense and the time Miss Stica identified him from the photograph.

Appellant contends it was error to allow in testimony concerning the on-the-scene photographic identification. We hold that, under the circumstances of this case, the testimony was properly admitted.

The attempted theft occurred in broad daylight giving Miss Stica an opportunity to clearly view her assailant. Miss Stica not only had the chance to view appellant, but she described his clothing and pointed him out to the officer. When the officer showed Miss Stica the photograph within 30 minutes after the offense was committed, her memory and recollection were fresh.

We think the on-the-scene identification of the appellant through his photograph is clearly analogous to those

* * * decisions permitting prompt on-the-scene confrontations, even though the confrontation is inherently suggestive because of the presentation of a single suspect. Though suggestiveness is inherent in the situation, we think the case is not one of undue suggestiveness, in view of the countervailing considerations that prompt, on-the-scene identifications are likely to promote fairness, by enhancing reliability of the identifications, and permit expeditious release of innocent subjects.

United States v. Wilson, U.S.App.D.C. (No. 23283, decided May 20, 1970) (footnote omitted).

We find no error, therefore we affirm.

Affirmed.